**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTAL D. VELASCO,<br><br>Plaintiff,<br><br>v.<br><br>MNS & ASSOCIATES, LLC, and DNF ASSOCIATES, LLC,<br><br>Defendants. | Case No. 5:21-cv-05877<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes CRISTAL D. VELASCO ("Plaintiff"), by and through the undersigned, complaining as to the conduct of MNS & ASSOCIATES, LLC ("MNS") and DNF ASSOCIATES, LLC ("DNF") (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, stemming from Defendants' unlawful conduct.

1

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business in the Northern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of California.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law and fact will arise.

**PARTIES**

5. Plaintiff is a consumer over 18 years of age residing in Santa Cruz County, California, which is located within the Northern District of California.

6. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

7. MNS is a third-party debt collector who, through the course of its business, regularly collects or attempts to collect defaulted consumer obligations originally owed to others, and is further a business whose principal purpose is the collection of debts. MNS is a limited liability company registered at 3527 Harlem Rd., Suite 9, Cheektowaga, New York 14225.

8. DNF is a debt purchaser and third-party debt collector with "more than 75 years of combined experience in the realm of debt purchasing and collections."[1] DNF is a limited liability company organized under the laws of the state of New York and maintains Cogency Global, Inc.,

---

[1] https://www.diversefundingllc.com/

10 East 40th Street, 10th Floor, New York, New York, 10016 as its registered agent for service of process. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

9. DNF is MNS's principal. Consequently, DNF is liable for MNS's actions as it exercises control over MNS's conduct. See *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

11. The instant action arises out of Defendants' attempts to collect upon an outstanding consumer debt ("subject debt") purportedly owed by Plaintiff.

12. After Plaintiff's alleged default, DNF purchased the subject debt from the prior owner and then placed it with MNS for collection purposes.

13. Subsequently, around summer 2021, MNS began its collection campaign by contacting Plaintiff on behalf of DNF.

14. As part of its collection campaign, MNS repeatedly contacted Plaintiff's sister and niece and disclosed to them that Plaintiff purportedly owes the subject debt.

15. Moreover, MNS also called Plaintiff's cellular phone and threatened to pursue a lawsuit against Plaintiff by demanding that she verify her assets and her place of employment.

16. Furthermore, MNS failed to disclose itself as a debt collector when it placed collection calls to Plaintiff.

17. Frustrated over Defendants' conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses and expenditure of resources.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

19. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, loss of sleep, invasion of privacy, aggravation, and emotional distress.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
(AGAINST DEFENDANTS)

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed to others.

23. Defendants are further debt collectors as they are businesses the principal purpose of which is the collection of debts.

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Upon information and belief, DNF exerted control over the nature and circumstances of MNS's collection efforts such that DNF and MNS enjoy a principal-agent relationship, respectively, rendering DNF vicariously liable for MNS's violations of law, in addition to DNF's direct liability for the conduct outlined.

    **a. Violations of FDCPA §1692b**

26. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt [.]"

27. Defendants violated 15 U.S.C. §1692b(2) on the multiple instances MNS contacted Plaintiff's family members and disclosed to them that Plaintiff allegedly owes a debt.

28. Additionally, under §1692b(3), a debt collector is prohibited from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer [and] shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

29. Defendants violated 15 U.S.C. §1692b(3) when MNS contacted Plaintiff's family members on more than one occasion, despite the fact that Plaintiff's family members were not responsible for the subject debt. Defendants employed these tactics in order to exert outward pressure upon Plaintiff.

    **b. Violations of the FDCPA, § 1692c**

30. The FDCPA, pursuant to 15 U.S.C. § 1692c(b), prohibits without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

31. Defendants violated § 1692c(b) when MNS repeatedly placed calls to Plaintiff's family members. Defendants knowingly continued to contact Plaintiff's family member without Plaintiff's prior consent.

    **c. Violations of the FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

34. "The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken ." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

36. Defendants violated §1692e, e(2), e(5), and e(10) when they employed deceptive means to attempt to collect upon the subject debt. Specifically, it was deceptive for MNS to threaten to pursue a lawsuit against Plaintiff without the intent to following through. From their conduct, Defendants' goal was to continue its collection campaign outside of the judicial system.

37. Defendants also violated 15 U.S.C. §§ 1692e, e(10), and e(11) through MNS's failure to disclose itself as a debt collector in its communications with Plaintiff. By failing to disclose itself as a debt collector, Defendants deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendants' objective was to obfuscate their status as debt collectors in order to prevent Plaintiff from vindicating her rights.

### d.  Violations of FDCPA § 1692f

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendants violated §1692f when they unfairly attempted to collect upon the subject debt by threatening legal action that they did not intend to pursue.

WHEREFORE, Plaintiff, CRISTAL D. VELASCO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
(AGAINST DEFENDANTS)

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

42. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

43. Defendants are "debt collector[s]" as defined by Cal. Civ. Code § 1788.2(c).

   **a. Violations of RFDCPA § 1788.17**

44. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

45. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendants violated 1788.17; and 15 U.S.C. §§1692b, c, e, and f of the FDCPA. Defendants engaged in deceptive and noncompliant conduct in their attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

46. Defendants willfully and knowingly violated the RFDCPA. Defendants' willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, CRISTAL D. VELASCO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: July 30, 2021                                    Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com